UNITED STATES of America,

v.

**Ricardo ROLON, Appellant.**

**No. 02–1105.**

United States Court of Appeals,
Third Circuit.

Submitted Aug. 1, 2002.

Decided Aug. 13, 2002.

Before ROTH, RENDELL and AMBRO, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Appellant Ricardo Rolon appeals from the judgment of conviction and sentence entered by the District Court on December 21, 2001. At sentencing, Rolon moved for downward departure on the ground that the career offender category operated to over-represent his criminal history and his offense conduct. The District Court was aware that it had the authority to grant a downward departure; however, it exercised its discretion and denied Rolon's request. Rolon asserts jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, but as explained below we are without jurisdiction to review the District Court's discretionary denial of a downward departure. Accordingly, we will dismiss the appeal for lack of jurisdiction.

Rolon was charged on September 7, 2001 with possession of more than two

kilograms of cocaine with intent to distribute in violation of 21 U.S.C. § 841. He subsequently pled guilty pursuant to a plea agreement. The Presentence Investigation Report ("PSI") recommended that Rolon be classified as a career offender under U.S.S.G. § 4B1.1 since his instant offense involved a controlled substance, he was 18 years or older at the time of its commission, and he was previously convicted of one crime of violence and one controlled substance offense. As a result, the PSI recommended a total offense level of 31, which included a stipulated three-level downward adjustment for acceptance of responsibility. As a career offender, Rolon was assigned a criminal history category of VI. The applicable guideline range, therefore, was 188 to 235 months.

At the sentencing hearing on December 19, 2001, the District Court adopted the PSI and sentenced Rolon to 188 months in prison and five years supervised release. During this hearing, Rolon moved for a downward departure based upon his claim that his classification as a career offender over-represented the seriousness of his criminal history. Rolon concedes that the court acknowledged its authority to depart and the grounds upon which the departure application rested, although he claims that the court did so in a *"pro forma"* manner.[1] In denying his motion, the District Court stated, "The Court is satisfied that no adequate showing has been made for downward departure on the grounds indicated in the papers and [the Court] will adopt the Presentence Report as being [its] findings in this matter. For the additional reasons more particularly set forth in the government's response to [Rolon's] motion, I see no reason to downwardly depart."

By way of clarification, the court said, "I always have the authority [to depart in the sentence]."

The District Court was aware that it had the authority to grant Rolon's request for a downward departure and exercised its discretion in denying this request. Under these circumstances, we lack jurisdiction to review the sentence imposed by the District Court. *United States v. Torres*, 251 F.3d 138, 151–152 (3d Cir.2001).

For the foregoing reasons, we will dismiss the appeal for lack of jurisdiction.

---

1. Rolon contends that the District Court substituted its bias against domestic violence offenders for a reasoned analysis of his departure motion, but we note that the court specifically stated, "I'm not going to hold [the domestic violence conviction] against you." App. at 26.